# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDERAL TRADE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> STUBHUB HOLDINGS, INC., a corporation, <br><br> Defendant. | Case No. _____ <br><br> **COMPLAINT FOR PERMANENT INJUNCTION, MONETARY JUDGMENT, AND OTHER RELIEF** |

Plaintiff, the Federal Trade Commission ("FTC" or "Commission"), for its Complaint alleges:

1.      The FTC brings this action for Defendant's violations of Section 5(a) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 45(a), by misrepresenting the price of its live-event tickets, and violations of the Commission's Rule on Unfair or Deceptive Fees ("Fees Rule"), 16 C.F.R. pt. 464, by advertising the price of live-event tickets without clearly and conspicuously disclosing the total price. For these violations, the FTC seeks relief, including a permanent injunction, monetary relief, and other relief, pursuant to Sections 13(b) and 19 of the FTC Act, 15 U.S.C. §§ 53(b) & 57b.

## SUMMARY OF THE CASE

2.      It has long been an unfair and deceptive practice under Section 5 of the FTC Act to misrepresent the total price of a good or service. The FTC codified this requirement for the live-event ticketing and short-term lodging industries when it promulgated the Fees Rule, which went into effect on May 12, 2025. The Fees Rule requires, among other things, that the total price of a live-event ticket (including all mandatory fees and charges) be presented to consumers every place price is displayed. Defendant StubHub Holdings, Inc. knew about the Fees Rule, its

1

contents, and its effective date. Indeed, Defendant publicly supported the Fees Rule. Yet, when it came time to comply with the Fees Rule, Defendant failed to do so. Through its illegal acts, Defendant unfairly and deceptively took advantage of competitors and consumers alike.

3.     Indeed, Defendant has unfairly and deceptively hidden and misrepresented the price of its tickets, including by misrepresenting that the advertised price of a ticket was the true total price, failing to disclose the total price every place price is displayed, and failing to disclose the total price when fees and charges are itemized, in violation of Section 5 of the FTC Act and the Fees Rule.

## JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337(a), and 1345.

5.     Venue is proper in this District under 28 U.S.C. §§ 1391(b)(1), (c)(2), and 15 U.S.C. § 53(b).

## PLAINTIFF

6.     The FTC is an agency of the United States Government created by the FTC Act, which authorizes the FTC to commence this district court civil action by its own attorneys. 15 U.S.C. §§ 41–58. The FTC enforces Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), which prohibits unfair or deceptive acts or practices in or affecting commerce. The FTC also enforces the Fees Rule, 16 C.F.R. pt. 464, which prohibits unfair or deceptive practices involving fees or charges for live-event tickets and short-term lodging, including: (a) failing to disclose every place price is displayed the "total price" (i.e., the maximum total of all fees a consumer must pay for any good or service and any mandatory ancillary good or service, with limited exceptions); (b) failing to disclose the nature, purpose, and amount of fees or charges and the identity of

goods or services for which fees are imposed; and (c) misrepresenting the nature, purpose, amount, and refundability of fees or charges and the identity of the goods or services for which a fee is imposed.

## DEFENDANT

7.      Defendant StubHub Holdings, Inc. is a Delaware corporation with its principal executive office at 175 Greenwich Street, New York, New York 10007. Defendant transacts or has transacted business in this District and throughout the United States. At all times relevant to this Complaint, acting alone or in concert with others, Defendant has advertised, marketed, distributed, or sold its products and services to consumers throughout the United States.

8.      Defendant claims to operate the world's largest online ticket resale platform. Consumers who want to attend live events—such as concerts, sports games, comedy shows, theater productions, and music festivals—can buy tickets for live events from Defendant.

## COMMERCE

9.      At all times relevant to this Complaint, Defendant has maintained a substantial course of trade in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

## DEFENDANT'S BUSINESS ACTIVITIES

### Defendant Publicly Supported the FTC's Fees Rule While Privately Planning to Violate It

10.      In 2022, the Commission initiated the Rulemaking on Trade Regulation Rule for Unfair or Deceptive Fees that culminated in issuing the Fees Rule.

11.      Defendant submitted two comments supporting the rulemaking for the Fees Rule, stating, *inter alia*, that "StubHub strongly supports efforts to increase price transparency for consumers nationwide with the federal adoption of all-in pricing [AIP] in the live event ticketing industry," and that "federal legislation or rulemaking is necessary to implementing AIP equitably

3

across the industry to achieve transparency and eliminate consumer confusion."

12.     On December 17, 2024, the Commission announced its issuance of the final Fees Rule, which was published in the Federal Register on January 10, 2025 with an effective date of May 12, 2025.

13.     Contrary to its publicly supportive statements, in private, Defendant planned to violate the Fees Rule from the start. An internal "FAIP [federal all-in pricing] Roll Out" compliance plan by Defendant's Fees Rule compliance working group and circulated to Defendant's Executive Management and its All-In Pricing "Key Stakeholders" in Government Relations, Product & Design, and Technology, explained that Defendant would not comply with the Fees Rule in full by the May 12, 2025 effective date but would instead comply in phases over two days, starting after the Fees Rule was already in effect.

14.     A major reason behind this selective compliance was because that same week, on May 14, 2025, the National Football League posted its schedule for the 2025 season. The "Roll Out" plan explained that the NFL schedule release was "a 99th percentile traffic event for us" and therefore Defendant planned to comply with the Fees Rule as to NFL tickets only in the final phase of its plan.

15.     The FTC issued Defendant a letter on May 14, 2025, warning that Defendant was violating the Fees Rule by displaying ticket prices that did not include all mandatory fees and charges, such as fulfillment fees and service fees. The May 14 letter required Defendant to respond, which Defendant failed to do.

16.     Defendant knew its failure to comply with the Fees Rule would give it a competitive advantage against its competitors. In 2014, for a short period of time, Defendant voluntarily began displaying to consumers what it called the all-in price of tickets, which

included all mandatory fees and charges. However, by August 2015, Defendant abandoned the practice because it put Defendant at a competitive disadvantage against competitors who were not displaying the true total price of tickets.

17.     Defendant recognized that it could secure a competitive advantage from its delayed Fees Rule compliance rollout. A June 2025 document titled "Federal AIP Rollout" that looked back at the company's May roll out of all-in pricing and was circulated among, *inter alia*, several of Defendant's "Key Stakeholders" in Product & Design, stated: "Trends initially upward owing to competitors moving to FAIP [federal all-in pricing] while StubHub was still NAIP [not all-in pricing]" and "StubHub will generally lose sales/share post-FAIP" because "Lowest lead-in price wins."

***In Numerous Instances Through at Least May 14, 2025, Defendant Failed to Provide Total Price on Its First Three Initial Pricing Displays***

18.     Defendant's website, www.stubhub.com, displays several live events on its homepage, without pricing information, that consumers can select.

19.     Once a consumer selects an event, Defendant displays a second page, as pictured in Figure 1, which displays a map of the venue and a list of seats with prices that consumers can select. Prices differ by seat, and consumers may filter or sort by price.

**Figure 1 – Ticket Selection Screen (Captured May 14, 2025)**



20.     Through at least May 14, 2025, Defendant advertised prices on the Ticket Selection Screen without disclosing the total price. Thus, consumers are led to believe that the advertised price is the price they will pay for the advertised tickets. This, however, is deceptive.

21.     As pictured in Figure 2, when a consumer clicks on a particular seat, Defendant displays additional information about that seat, such as its section, row, zone, and seat number, whether its view is clear or obstructed, and a purple "Select" button.

**Figure 2 – Ticket Information Screen (Captured May 14, 2025)**



22.    Through at least May 14, 2025, Defendant advertised prices on the Ticket Information Screen without disclosing the total price. Thus, consumers are led to believe that the advertised price is the price they will pay for the advertised tickets. This, however, is deceptive.

23.    When a consumer presses the purple "Select" button, Defendant displays a Checkout Screen, pictured in Figure 3, on which Defendant displays itemized costs for an individual ticket, including "Tickets," "Fees," and "Taxes" and a message stating that the user has a certain amount of time to complete the purchase, during which the price is "guaranteed."

**Figure 3 – Checkout Screen (Captured May 14, 2025)**



24.     Through at least May 14, 2025, Defendant advertised prices on the Checkout Screen without disclosing the total price. Instead, as shown in Figure 3, Defendant only presented line items for Tickets, Fees, and Taxes—without totaling these line items.

25.     As shown in Figures 1–3, through at least May 14, 2025, Defendant did not disclose the total price on the first three pricing displays on the Ticket Selection, Ticket Information, and Checkout Screens.

26.     In this instance, as demonstrated in Figures 1–3, the total price (i.e., including all mandatory fees and charges) was 25% higher than the price initially advertised.

\*     \*     \*

27.     Based on the facts and violations of law alleged in this Complaint, the Commission has reason to believe that Defendant is violating or is about to violate laws enforced by the Commission because, among other things: (a) Defendant engaged in unlawful acts and practices willfully and knowingly and (b) Defendant remains in the live-event ticketing industry

and maintains the means, ability, and incentive to resume its unlawful conduct.

## VIOLATIONS OF THE FTC ACT

28.    Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), prohibits "unfair or deceptive acts or practices in or affecting commerce."

29.    Misrepresentations or deceptive omissions of material fact constitute deceptive acts or practices prohibited by Section 5(a) of the FTC Act.

## COUNT I

30.    In numerous instances, in connection with the advertising, marketing, promotion, offering for sale, or sale of live-event tickets, including through the means described in Paragraphs 18 to 26 above, Defendant has represented, directly or indirectly, expressly or by implication, that the advertised price of a ticket was the price consumers would pay for the ticket.

31.    In fact, in numerous instances, the advertised price of the ticket was not the price consumers would pay because it did not include all mandatory fees and charges.

32.    Therefore, Defendant's representations as described in Paragraph 30 constitute deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## VIOLATIONS OF THE TRADE REGULATION RULE ON UNFAIR OR DECEPTIVE FEES

33.    The Rule on Unfair and Deceptive Fees ("Fees Rule"), promulgated by the Commission under Section 18 of the FTC Act, 15 U.S.C. § 57a, became effective on May 12, 2025, and remains in full force and effect. The Fees Rule is codified at 16 C.F.R. pt. 464.

34.    Defendant is a "business" that offers, displays, or advertises prices of live-event tickets, a "covered good or service" as defined by the Fees Rule, 16 C.F.R. § 464.1.

35.    Section 464.1 of the Fees Rule provides that "total price" means, in pertinent part, "the maximum total of all fees or charges a consumer must pay for any good(s) or service(s) and

9

any mandatory ancillary good or service."

36.     Section 464.2(a) of the Fees Rule provides that it is an unfair and deceptive practice and a violation of the Fees Rule "to offer, display, or advertise any price of a covered good or service without clearly and conspicuously disclosing the total price."

37.     In an action brought under Section 19(a)(1) of the FTC Act, 15 U.S.C. § 57b(a)(1), this Court is authorized to grant such relief as the Court finds necessary to redress injury to consumers resulting from violations of any rule promulgated under Section 18(a)(1)(B) of the FTC Act, 15 U.S.C. § 56a(a)(1)(B).

38.     Pursuant to Section 18(d)(3) of the FTC Act, 15 U.S.C. §57a(d)(3), a violation of the Fees Rule also constitutes an unfair or deceptive act or practice in or affecting commerce, in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## COUNT II

39.     In numerous instances on or after May 12, 2025, in connection with the advertising, marketing, promotion, offering, or sale of live-event tickets, including through the means described in Paragraphs 18 to 26 above, Defendant has offered, displayed, or advertised prices for live-event tickets.

40.     In numerous instances on or after May 12, 2025, when Defendant has offered, displayed, or advertised prices for live-event tickets as described in Paragraph 39, Defendant has failed to clearly and conspicuously disclose the total price.

41.     Therefore, Defendant's acts or practices as described in Paragraphs 39 and 40 violate Section 464.2(a) of the Fees Rule, 16 C.F.R. § 464.2(a), and Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

10

## CONSUMER INJURY

42.     Consumers have suffered and will continue to suffer substantial injury as a result of Defendant's violations of the FTC Act and the Fees Rule. Absent injunctive relief by this Court, Defendant is likely to continue to injure consumers and harm the public interest.

## PRAYER FOR RELIEF

Wherefore, the FTC requests that the Court:

A.  Enter a permanent injunction to prevent future violations of the FTC Act and the FTC's Fees Rule;

B.  Award monetary and other relief within the Court's power to grant; and

C.  Award any additional relief as the Court determines to be just and proper.


Dated: April 9, 2026                              Respectfully submitted,


                                   s/Karen J. Mandel
                                   Annette Soberats, Esq.
                                   Karen J. Mandel, Esq.
                                   William Macci, Esq.
                                   Federal Trade Commission
                                   600 Pennsylvania Ave., NW
                                   Washington, D.C. 20580
                                   Tel.:   (202) 326-2921 (Soberats)
                                           (202) 326-2491 (Mandel)
                                           (202) 651-1509 (Macci)
                                   Email: asoberats@ftc.gov
                                           kmandel@ftc.gov
                                           wmacci@ftc.gov

                                   Attorneys for Plaintiff
                                   FEDERAL TRADE COMMISSION

11