**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| FEDERAL TRADE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> STUBHUB HOLDINGS, INC., a corporation, <br><br> Defendant. | Case No. 26 Civ. 2924 (KPF) <br><br> **STIPULATED ORDER FOR PERMANENT INJUNCTION, MONETARY JUDGMENT, AND OTHER RELIEF** |

Plaintiff, the Federal Trade Commission ("Commission" or "FTC"), filed its Complaint for Permanent Injunction, Monetary Judgment, and Other Relief ("Complaint") in this matter, pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) & 57b. Defendant has waived service of the summons and the Complaint. The Commission and Defendant stipulate to the entry of this Stipulated Order for Permanent Injunction, Monetary Judgment, and Other Relief ("Order") to resolve all matters in dispute in this action between them.

THEREFORE, IT IS ORDERED as follows:

**FINDINGS**

1. This Court has jurisdiction over this matter.

2. The Complaint charges that Defendant participated in unfair and deceptive acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, by misrepresenting the price of live-event tickets, and in violation of the Commission's Rule on Unfair or Deceptive Fees ("Fees Rule"), 16 C.F.R. pt. 464, by advertising the price of live-event tickets without clearly and conspicuously disclosing the total price.

3. Defendant neither admits nor denies any of the allegations in the Complaint, except as

1

specifically stated in this Order. Only for purposes of this action, Defendant admits the facts necessary to establish jurisdiction.

4.    Defendant waives any claim that it may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agrees to bear its own costs and attorney fees.

5.    Defendant and the Commission waive all rights to appeal or otherwise challenge or contest the validity of this Order.

## DEFINITIONS

For the purpose of this Order, the following definitions apply:

A.    "**Ancillary Good or Service**" means any additional good(s) or service(s) offered to a consumer as part of the same transaction.

B.    "**Clear(ly) and Conspicuous(ly)**" means that a required disclosure is easily noticeable (i.e., difficult to miss) and easily understandable by ordinary consumers, including in all of the following ways:

1.    In any communication that is solely visual or solely audible, the disclosure must be made through the same means through which the communication is presented. In any communication made through both visual and audible means, such as a television advertisement, the disclosure must be presented simultaneously in both the visual and audible portions of the communication even if the representation requiring the disclosure is made in only one means.

2.    A visual disclosure, by its size, contrast, location, the length of time it appears, and other characteristics, must stand out from any accompanying text or other visual elements so that it is easily noticed, read, and understood.

2

3. An audible disclosure, including by telephone or streaming video, must be delivered in a volume, speed, and cadence sufficient for ordinary consumers to easily hear and understand it.

4. In any communication using an interactive electronic medium, such as the Internet, a mobile application, or software, the disclosure must be unavoidable.

5. The disclosure must use diction and syntax understandable to ordinary consumers and must appear in each language in which the representation that requires the disclosure appears.

6. The disclosure must comply with these requirements in each medium through which it is received, including all electronic devices and face-to-face communications.

7. The disclosure must not be contradicted or mitigated by, or inconsistent with, anything else in the communication.

8. When the representation or sales practice targets a specific audience, such as children, older adults, or the terminally ill, "ordinary consumers" includes members of that group.

C. "**Consumer Fund**" means the account Defendant must establish to provide restitution and redress to Eligible Consumers as described in the Sections titled Judgment for Monetary Relief, Settlement Program, and Consumer Redress Distribution Process.

D. "**Covered Good or Service**" means tickets for live events or short-term lodging in the United States or any U.S. territory, or any tickets for live events or short-term lodging offered, marketed, or sold to any consumer located in the United States or any U.S. territory.

E. "**Defendant**" means StubHub Holdings, Inc. and its successors and assigns.

3

F. "**Eligible Consumer**" means any consumer who purchased one or more tickets from Defendant to a live event in the United States from May 12, 2025 through May 14, 2025, and has not otherwise received a refund or chargeback for their purchase.

G. "**Government Charges**" means the fees or charges imposed on the transaction by a Federal, State, Tribal, or local government agency, unit, or department.

H. "**Settlement Program**" means the process and procedures required by this Order and established to provide notice and redress to Eligible Consumers through the Section titled Consumer Redress Distribution Process.

I. "**Shipping Charges**" means the fees or charges that reasonably reflect the amount Defendant incurs to send physical goods to a consumer, including through the mail, private mail, and shipping services, or by freight.

J. "**Total Price**" means the maximum total of all fees or charges a consumer must pay for any good(s) or service(s) and any mandatory Ancillary Good or Service, except that Government Charges, Shipping Charges, and fees or charges for any optional Ancillary Good or Service may be excluded.

## ORDER

### I. PROHIBITION AGAINST MISREPRESENTATIONS

IT IS ORDERED that Defendant, Defendant's officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with advertising, marketing, promoting, offering for sale, or sale of any good or service are permanently restrained and enjoined from misrepresenting or assisting others in misrepresenting, expressly or by

4

implication, including through the use of a good or service name, endorsement, depiction, or illustration:

A.  The Total Price of any good or service;

B.  Any fee or charge, including: the nature, purpose, amount, or refundability of any fee or charge, including that a price includes all fees; and the identity of the good or service for which the fee or charge is imposed;

C.  The final amount of payment for any transaction; or

D.  Any other fact material to consumers concerning the good or service, such as: any material restrictions, limitations, or conditions, including as to refunds or cancellations; or any material aspect of its performance, efficacy, nature, purpose, or central characteristics.

## II.    INJUNCTION CONCERNING PRACTICES INVOLVING FEES OR CHARGES FOR COVERED GOODS AND SERVICES

IT IS FURTHER ORDERED that Defendant, Defendant's officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with advertising, marketing, promoting, offering for sale, or sale of any Covered Good or Service, are permanently restrained and enjoined from:

A.  Offering, displaying, or advertising any price of any Covered Good or Service without Clearly and Conspicuously disclosing the Total Price;

B.  In any offer, display, or advertisement that represents any price of any Covered Good or Service, failing to disclose the Total Price more prominently than any other pricing information. However, where the final amount of payment for the transaction is displayed along with other pricing information, the final amount of payment must be disclosed more prominently

than, or as prominently as, the Total Price;

C.  Failing to Clearly and Conspicuously disclose, before the consumer consents to pay for any Covered Good or Service:

1.  The nature, purpose, and amount of any fee or charge imposed on the transaction that has been excluded from Total Price and the identity of the good or service for which the fee or charge is imposed; and

2.  The final amount of payment for the transaction;

D.  In any offer, display, or advertisement for any Covered Good or Service, misrepresenting any fee or charge, including: the nature, purpose, amount, or refundability of any fee or charge, and the identity of the good or service for which the fee or charge is imposed; or

E.  Violating the Rule on Unfair or Deceptive Fees, 16 C.F.R. pt. 464, a copy of which is attached as Attachment A.

## III.    JUDGMENT FOR MONETARY RELIEF

IT IS FURTHER ORDERED that Judgment in the amount of $10 Million Dollars ($10,000,000) is entered in favor of the Commission against Defendant as monetary relief. Defendant is ordered to satisfy the Judgment as follows:

A.  Within 14 days of the entry of this Order, Defendant must establish and deposit Ten Million Dollars ($10,000,000) into the Consumer Fund as required by the Section of this Order titled Settlement Program.

B.  Defendant must distribute redress payments to Eligible Consumers as required by the Sections of this Order titled Settlement Program and Consumer Redress Distribution Process.

C.  Within 190 days of the entry of this Order, Defendant must pay to the Commission

any funds remaining in the Consumer Fund by electronic fund transfer in accordance with instructions previously provided by a representative of the Commission.

## IV.   ADDITIONAL MONETARY PROVISIONS

IT IS FURTHER ORDERED that:

A.  Defendant relinquishes dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

B.  The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

C.  The facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

D.  Defendant acknowledges that Defendant's Employer Identification Number, Social Security Number, or other Taxpayer Identification Number ("TIN"), including all TINs that Defendant previously provided, may be used by the Commission for reporting and other lawful purposes, including collecting on any delinquent amount arising out of this Order in accordance with 31 U.S.C. § 7701.

E.  All money received by the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for consumer relief, such as redress and any attendant expenses for the administration of any redress fund. If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after such redress is completed, the Commission may apply any remaining

money for such related relief (including consumer information remedies) as it determines to be reasonably related to Defendant's practices alleged in the Complaint. Any money not used for relief is to be deposited to the U.S. Treasury. Defendant has no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.

## V.   SETTLEMENT PROGRAM

IT IS FURTHER ORDERED that consumer redress using the proceeds required to be paid into the Consumer Fund by the Section titled Monetary Relief Judgment must be conducted by Defendant as required by this Section, consistent with the Section of this Order titled Consumer Redress Distribution Process. As part of this Settlement Program, Defendant must:

A.  Within 14 days of the entry of this Order, deposit Ten Million Dollars ($10,000,000) into the Consumer Fund, which Defendant must establish for the sole purpose of providing redress to Eligible Consumers pursuant to the terms of this Section and the Section of this Order titled Consumer Redress Distribution Process;

B.  Pay for all costs, fees, and expenses relating to the operation of the Settlement Program for its entire duration. Any such costs, fees, and expenses incurred by Defendant are the sole responsibility of Defendant, and must not be paid out of, or deducted from, the Consumer Fund;

C.  Distribute redress to Eligible Consumers through the payment methods and processes identified in the Section of the Order titled Consumer Redress Distribution Process. Defendant has no ownership or other financial interest in the payments to Eligible Consumers;

D.  Refrain from engaging in any effort to dissuade Eligible Consumers from participating in the Settlement Program;

E.  Within 30 days of the entry of this Order, every 30 days thereafter, and at the completion of the Settlement Program, submit a report to the Commission describing in detail

whether and how the Settlement Program is in compliance with the Order and summarizing the

Settlement Program to date, including, by month: the number of notices sent, received, or

rejected; the number and dollar amount of credits to the original form of payment issued,

accepted, rejected, or voided; the number and dollar amount of payments via PayPal issued,

deposited, cashed, rejected, or voided; the total number and dollar amount of distributions to

date; the total number and dollar amount of distributions and Consumer Fund account ending

balance for the current 30-day period; and any next steps (e.g., reissue [X] rejected payments via

PayPal, return $[X] in rejected funds to Consumer Fund, issue $[X] leftover funds to FTC).

F.   Submit additional information regarding the Settlement Program and Consumer

Redress Distribution Process if requested by a representative of the Commission, including, but

not limited to, any of the underlying data that the Defendant used or created to administer

distributions pursuant to those Sections, the consumer's physical and email addresses on file with

the Defendant, and the amount received by the consumer along with the method of

reimbursement, within 10 days of the request; and

G.   Within 6 months of the entry of this Order, complete all requirements for the Sections

of this Order titled Settlement Program and Consumer Redress Distribution Process.

### VI.   CONSUMER REDRESS DISTRIBUTION PROCESS

IT IS FURTHER ORDERED that Defendant must provide redress to Eligible

Consumers as follows:

A.   Within 14 days of the entry of this Order, Defendant must:

1.   Send an email notification attached as Attachment B to this Order to all Eligible

Consumers using the last known email address associated with the transaction(s)

to be refunded as part of the Settlement Program. If the emailed notice is returned

9

as undeliverable or is otherwise not successfully delivered, Defendant must email the notice to any other known email addresses in StubHub's possession belonging to the Eligible Consumer.

2. Establish and maintain a web page, a telephone number, and an email address that Eligible Consumers can use to obtain information, report problems, or ask questions concerning the Settlement Program or Consumer Redress Distribution Process. Defendant must maintain the web page, telephone number, and email address until 120 days after Defendant has issued all redress payments to Eligible Consumers pursuant to this Section.

B. Within 90 days of the entry of this Order, Defendant must provide redress to Eligible Consumers as follows:

1. Defendant must issue redress payments without requiring consumers to file any claim seeking compensation or take any other action.

2. Defendant must issue redress payments via the following methods, in the following order: (a) refund to the original form of payment; then, if such payment is unsuccessful, (b) refund via PayPal.

3. Defendant must provide redress from the funds in the Consumer Fund to each Eligible Consumer as follows:

    i. Defendant must provide redress to all Eligible Consumers where Total Price was not disclosed on the initial pricing display in an amount equal to the total amount of fulfillment and service fees paid by that consumer; and

    ii. Defendant must provide redress to all other Eligible Consumers in an

amount equal to the total amount of fulfillment and service fees paid by that consumer, *provided, however*, that if the total amount of payments due to Eligible Consumers under this Subsection exceeds the total amount of funds in the Consumer Fund, payments to Eligible Consumers under this Subsection must be distributed on a *pro rata* basis.

C.  Any redress payments Defendant makes pursuant to this Section that are not successfully refunded to an Eligible Consumer's original form of payment or successfully deposited or cashed via PayPal by Eligible Consumers must be returned to the Consumer Fund within 90 days of the last attempted payment made by Defendant.

## VII.   CUSTOMER INFORMATION

IT IS FURTHER ORDERED that Defendant must provide sufficient customer information to enable the Commission to efficiently administer consumer redress if requested. If a representative of the Commission requests in writing any information related to redress, Defendant must provide it, in the form prescribed by the Commission, within 14 days of the request.

## VIII.   ORDER ACKNOWLEDGMENTS

IT IS FURTHER ORDERED that Defendant obtains acknowledgments of receipt of this Order:

A.  Defendant, within 10 days of the entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.  For 5 years after the entry of this Order, Defendant must deliver a copy of this Order to: (1) all principals, officers, and directors; (2) all employees having managerial responsibilities

for conduct related to the subject matter of this Order, and all agents and representatives who participate in conduct related to the subject matter of this Order; and (3) any business entity resulting from any change in structure as set forth in the Section of this Order titled Compliance Reporting. Delivery must occur within 10 days of the entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

C.  From each individual or entity to which Defendant delivered a copy of this Order, that Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## IX.   COMPLIANCE REPORTING

IT IS FURTHER ORDERED that Defendant makes timely submissions to the Commission:

A.  One Hundred Twenty days after the entry of this Order, Defendant must submit a compliance report, sworn under penalty of perjury. Defendant must:

1.  Identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with Defendant;

2.  Identify all of Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses;

3.  Describe the activities of each business, including the goods and services offered and the means of advertising, marketing, and sales;

4.  Describe in detail whether and how Defendant is in compliance with each Section of this Order; and

5.  Provide a copy of each Order Acknowledgment obtained pursuant to this Order,

12

unless previously submitted to the Commission.

B.  For 10 years after the entry of this Order, Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1.  Any designated point of contact; or

2.  The structure of Defendant or any entity that Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

C.  Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against Defendant within 14 days of its filing.

D.  Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.  Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: *FTC v. StubHub Holdings, Inc.*

13

## X.   RECORDKEEPING

IT IS FURTHER ORDERED that Defendant must create certain records for 10 years after the entry of this Order, and retain each such record for 5 years. Specifically, Defendant must create and retain the following records:

A.  Accounting records showing the revenues from all goods or services sold;

B.  Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C.  Records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

D.  All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission;

E.  A copy of each advertisement or other marketing material that is materially different with respect to the offer, display, or advertising of price for any Covered Good or Service;

F.  A copy of each contract, agreement, and policy related to StubHub's sharing of pricing information with third parties, including any documents that reflect the frequency with which StubHub updates or refreshes such pricing information; and

G.  In connection with any mobile application or website made available to consumers that offers, displays, or advertises the price of any Covered Good or Service:

1.  A functional and executable copy of each version and build of each mobile application and website made available to consumers, together with all components necessary to ensure such functionality; and

2.  Records showing any material change, with respect to the offer, display, or

advertising of price, the complete user experience, sales flow, or path a user takes within each version and build of any mobile application or website to complete a sale, from initial browsing to final purchase confirmation, including all disclosures as set forth in the Section of this Order titled Injunction Concerning Practices Involving Fees or Charges for Covered Goods and Services, and any other disclosures that Defendant makes relating to any fee or charge imposed by Defendant and all material restrictions, limitations, and conditions.

## XI.  COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Defendant's compliance with this Order and any failure to transfer any assets as required by this Order:

A.  Within 14 days of receipt of a written request from a representative of the Commission, Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying. The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including depositions by remote means), 31, 33, 34, 36, 45, and 69.

B.  For matters concerning this Order, the Commission is authorized to communicate directly with Defendant. Defendant must permit representatives of the Commission to interview any employee or other person affiliated with Defendant who has agreed to such an interview. The person interviewed may have counsel present.

C.  The Commission may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Defendant or any individual or entity affiliated with Defendant, without the necessity of identification or prior

15

notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

## XII.    RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**SO ORDERED this** <u>10</u> **day of** <u>April</u>**, 2026.**

_____

UNITED STATES DISTRICT JUDGE

```
The Clerk of Court is directed to terminate all pending motions, adjourn all
remaining dates, and close this case.
```

**SO STIPULATED AND AGREED:**

**FOR PLAINTIFF:**

**FEDERAL TRADE COMMISSION**


<u>Karen J. Mandel</u>                    Date:    April 9, 2026
Annette Soberats, Esq.
Karen J. Mandel, Esq.
William Macci, Esq.
Attorneys

Brian Shull, Esq.
Assistant Director

Janice L. Kopec, Esq.
Acting Associate Director
Division of Advertising Practices
Bureau of Consumer Protection

Federal Trade Commission
600 Pennsylvania Ave., NW
Washington, DC 20580

Tel.:    (202) 326-2921 (Soberats)
         (202) 326-2491 (Mandel)
         (202) 651-1509 (Macci)

Email: asoberats@ftc.gov
       kmandel@ftc.gov
       wmacci@ftc.gov

**FOR DEFENDANT STUBHUB HOLDINGS, INC.**

Signed by:

_Jeannie S. Rhee_

E8056F946F114A5...

Date: 3/25/2026

Jeannie Rhee, Esq.
L. Rush Atkinson, Esq.
Lyle Gruby, Esq.
Bryon P. Becker, Esq.

Dunn Isaacson Rhee LLP
401 9th Street NW
Washington, DC 20004

Tel.:   (202) 240-2903 (Rhee)
        (202) 240-2918 (Atkinson)
        (202) 240-2910 (Gruby)
        (202) 240-2912 (Becker)

Email: jrhee@dirllp.com
        ratkinson@dirllp.com
        lgruby@dirllp.com
        bpbecker@dirllp.com

COUNSEL FOR STUBHUB HOLDINGS, INC.

**STUBHUB HOLDINGS, INC.**

Date: 3/25/26

MARK STREAMS, AS AN
OFFICER OF STUBHUB
HOLDINGS, INC.

18

Attachment A

Copy of the Rule on Unfair or Deceptive Fees
16 C.F.R. pt. 464

A

This content is from the eCFR and is authoritative but unofficial.

Title 16 —Commercial Practices
Chapter I —Federal Trade Commission
Subchapter D —Trade Regulation Rules

Part 464   Rule on Unfair or Deceptive Fees
   § 464.1   Definitions.
   § 464.2   Hidden fees prohibited.
   § 464.3   Misleading fees prohibited.
   § 464.4   Relation to State laws.
   § 464.5   Severability.

# PART 464—RULE ON UNFAIR OR DECEPTIVE FEES

**Authority:** 15 U.S.C. 41 through 58.

**Source:** 90 FR 2166, Jan. 10, 2025, unless otherwise noted.

## § 464.1 Definitions.

*Ancillary good or service* means any additional good(s) or service(s) offered to a consumer as part of the same transaction.

*Business* means an individual, corporation, partnership, association, or any other entity that offers goods or services, including, but not limited to, online, in mobile applications, and in physical locations.

*Clear(ly) and conspicuous(ly)* means a required disclosure that is easily noticeable (*i.e.*, difficult to miss) and easily understandable by ordinary consumers, including in all of the following ways:

(1) In any communication that is solely visual or solely audible, the disclosure must be made through the same means through which the communication is presented. In any communication made through both visual and audible means, such as a television advertisement, the disclosure must be presented simultaneously in both the visual and audible portions of the communication even if the representation requiring the disclosure is made in only one means.

(2) A visual disclosure, by its size, contrast, location, the length of time it appears, and other characteristics, must stand out from any accompanying text or other visual elements so that it is easily noticed, read, and understood.

(3) An audible disclosure, including by telephone or streaming video, must be delivered in a volume, speed, and cadence sufficient for ordinary consumers to easily hear and understand it.

(4) In any communication using an interactive electronic medium, such as the internet, a mobile application, or software, the disclosure must be unavoidable.

Case 1:26-cv-02924-KPF    Document 6    Filed 04/10/26    Page 21 of 24

(5)  The disclosure must use diction and syntax understandable to ordinary consumers and must appear in each language in which the representation that requires the disclosure appears.

(6)  The disclosure must comply with these requirements in each medium through which it is received, including all electronic devices and face-to-face communications.

(7)  The disclosure must not be contradicted or mitigated by, or inconsistent with, anything else in the communication.

(8)  When the representation or sales practice targets a specific audience, such as children, older adults, or the terminally ill, "ordinary consumers" includes members of that group.

*Covered good or service* means:

(1)  Live-event tickets; or

(2)  Short-term lodging, including temporary sleeping accommodations at a hotel, motel, inn, short-term rental, vacation rental, or other place of lodging.

*Government charges* means the fees or charges imposed on the transaction by a Federal, State, Tribal, or local government agency, unit, or department.

*Pricing information* means any information relating to an amount a consumer may pay.

*Shipping charges* means the fees or charges that reasonably reflect the amount a business incurs to send physical goods to a consumer, including through the mail, private mail and shipping services, or by freight.

*Total price* means the maximum total of all fees or charges a consumer must pay for any good(s) or service(s) and any mandatory ancillary good or service, except that government charges, shipping charges, and fees or charges for any optional ancillary good or service may be excluded.

## § 464.2 Hidden fees prohibited.

(a)  It is an unfair and deceptive practice and a violation of this part for any business to offer, display, or advertise any price of a covered good or service without clearly and conspicuously disclosing the total price.

(b)  In any offer, display, or advertisement that represents any price of a covered good or service, a business must disclose the total price more prominently than any other pricing information. However, where the final amount of payment for the transaction is displayed, the final amount of payment must be disclosed more prominently than, or as prominently as, the total price.

(c)  A business must disclose clearly and conspicuously, before the consumer consents to pay for any covered good or service:

(1)  The nature, purpose, and amount of any fee or charge imposed on the transaction that has been excluded from total price and the identity of the good or service for which the fee or charge is imposed; and

(2)  The final amount of payment for the transaction.

## § 464.3 Misleading fees prohibited.

In any offer, display, or advertisement for a covered good or service it is an unfair and deceptive practice and a violation of this part for any business to misrepresent any fee or charge, including: the nature, purpose, amount, or refundability of any fee or charge; and the identity of the good or service for which the fee or charge is imposed.

## § 464.4 Relation to State laws.

(a) *In general.* This part will not be construed as superseding, altering, or affecting any State statute, regulation, order, or interpretation relating to unfair or deceptive fees or charges, except to the extent that such statute, regulation, order, or interpretation is inconsistent with the provisions of this part, and then only to the extent of the inconsistency.

(b) *Greater protection under State law.* For purposes of this section, a State statute, regulation, order, or interpretation is not inconsistent with the provisions of this part if the protection such statute, regulation, order, or interpretation affords any consumer is greater than the protection provided under this part.

## § 464.5 Severability.

If any provision of this part is held to be invalid or unenforceable by its terms, or as applied to any person, industry, or circumstance, or stayed pending further agency action, the provision shall be construed so as to continue to give the maximum effect to the provision permitted by law and such invalidity shall not affect the application of the provision to other persons, industries, or circumstances or the validity or application of other provisions. If any provision or application of this part is held to be invalid or unenforceable, the provision or application shall be severable from this part and shall not affect the remainder thereof.

Attachment B

Consumer Notice

B

[Email Subject Line]

   You're Getting a Refund from StubHub

[Email Body]

Our records show you placed an order with StubHub between May 12–14, 2025 and paid mandatory fulfillment and service fees. To resolve the Federal Trade Commission's lawsuit addressing our ticket pricing displays, we're sending your share of the settlement.

Within the next 14 business days, StubHub will refund that amount to the original form of payment you used. If the original payment method is no longer available, we will issue the refund to you through PayPal using your email address above.

For questions about your refund, please visit [stubhub.com/to be determined], call us at [to be determined], or email us at [to be determined@stubhub.com].

Thank you,

StubHub